# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON HARRELL, | Civil Action No.: 12-1479 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| CHARLES WARREN, et al., | |
| Respondents. | |

It appearing that:

1. On March 9, 2012, a Petition for Writ of Habeas Corpus was filed in the above action, pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his 2004 New Jersey state court conviction and sentence on several constitutional grounds. (ECF No. 1.)

2. On May 22, 2013, the State filed an answer to the petition, together with the relevant state court record. (ECF Nos. 14, 15.) The State contends that the petition lacks merit, but also asserts that Petitioner failed to exhaust his state court remedies, as required under 28 U.S.C. § 2254(b)(1)(A), because the appeal from Petitioner's state post-conviction relief ("PCR") is still pending. (ECF No. 14, Answer at 24.)

3. On June 27, 2013, Petitioner filed this motion for a stay and abeyance of his federal habeas petition so as to fully exhaust ineffective assistance of counsel claims in state court. (ECF No. 16.) Petitioner alleges that his federal one-year statutory limitations period was about to expire when he filed this habeas petition, and he wanted all of his issues to be listed in his petition. At the time he filed his petition, his second state PCR petition was pending on appeal

before the Superior Court of New Jersey, Appellate Division. In particular, Petitioner states: "As a result, if petitioner is granted a stay, he will not be starting from the beginning of the legal process, being that his unexhausted issue is already pending in the Superior Court of New Jersey – Appellate Division and the process of the legal process will not be that much of a time consuming factor on all the parties involved." (Id. at 1-2.)

4. The relevant history of Petitioner's second state court PCR proceedings is as follows:

(a) On October 14, 2011, Petitioner filed his second state PCR petition asserting two claims for relief: (1) ineffective assistance of trial counsel in failing to properly review discovery and investigate and interview eyewitnesses who provided the State with statements that they saw someone grab Petitioner's arm and swing him around while the gun discharged; and (2) ineffective assistance of PCR counsel and PCR appellate counsel for failing to present Petitioner's claim of ineffective assistance of trial counsel. (Ra40[1] at 4; ECF No. 14-34.)

(b) On June 8, 2012, the PCR court denied all relief without an evidentiary hearing, finding that Petitioner's claims were procedurally barred under N.J.Ct.R. 3:22-4(b) and untimely under N.J.Ct.R. 3:22-12(a)(2). (Ra43; ECF No. 14-37.)

(c) On November 7, 2012, Petitioner filed a brief in support of his appeal from denial of his second state PCR petition. (Ra46; ECF No. 39.)

5. On December 9, 2013, the Appellate Division rendered a decision on Petitioner's pending appeal from denial of his second state PCR petition. *State v. Harrell*, 2013 WL 6389212 (N.J. Super. A.D. Dec. 9, 2013). The Appellate Division found that Petitioner's second PCR petition was not untimely under N.J.Ct.R. 3:22-12(a)(2), and that his claims were not procedurally barred under N.J.Ct.R. 3:22-4(b). Accordingly, the Appellate Division reversed and remanded the matter to the Law Division for disposition on the merits of the claims asserted in the second PCR petition, and for reconsideration of Petitioner's request for assignment of counsel. *Harrell*, 2013 WL 6389212 at *4.

---

[1] "Ra" refers to the Respondents' appendix provided to this Court with regard to the state court record in this matter. Respondent lists the exhibits or relevant state court record in its appendix in a May 22, 2013 letter docketed at ECF No. 15-1.

6. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (referencing petitions containing both exhausted and unexhausted claims). *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that a petition could be eligible for stay even where only unexhausted claims are asserted). Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews*, 360 F.3d at 154. In addition, where a stay is warranted, a district court "should place reasonable time limits on a petitioner's trip to state court and back," since "[w]ithout time limits [on stays], petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

7. It appears that Petitioner timely filed this habeas petition to preserve his unexhausted claim asserting ineffective assistance of trial counsel in failing to properly review discovery and investigate and interview eyewitnesses who provided the State with statements that they saw someone grab Petitioner's arm and swing him around while the gun discharged. As this claim is presently pending before the Superior Court of New Jersey, Law Division, for disposition on the merits, the Court finds it appropriate to issue a stay and abeyance. *See Baker v. Ricci*, Civil No. 09-3654 (KM), 2013 WL 4833415, *14 (D.N.J. Sep. 9, 2013) (holding that a stay and abeyance with the District Court retaining jurisdiction while petitioner exhausts his state court remedies, is "the logical course").

THEREFORE, for the reasons stated above,

IT IS on this 30th day of January, 2014

ORDERED that Petitioner's motion for a stay and abeyance of the federal habeas proceedings in this matter (ECF No. 16) is GRANTED, and this action is ADMINISTRATIVELY TERMINATED pending exhaustion of state court remedies as indicated by Petitioner; and it is further

ORDERED that Petitioner shall file a motion to lift the stay and re-open this action within 45 days from conclusion of Petitioner's state court proceedings for post-conviction relief; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Respondents via electronic mailing and on Petitioner by regular mail, and close this matter accordingly.

_____
MICHAEL A. SHIPP
United States District Judge